JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C. Cir. R. 36(d). It is
ORDERED and ADJUDGED that the judgment of the district court be affirmed.
David Melson appeals the district court’s dismissal of his Title VII claim against the Department of Interior as time barred. *31 See 42 U.S.C. § 2000e-16(c). The Equal Employment Opportunity Commission’s Administrative Law Judge (ALJ) granted the appellant’s request to withdraw his administrative complaint and dismissed the complaint “with prejudice” on November 29, 2006. Because the agency did “not issue a final order within 40 days of receipt of the administrative judge’s decision,” that decision became the Department’s “final action” on January 8, 2007. 29 C.F.R. § 1614.109(i). Thereafter, the appellant, who did not file an administrative appeal of that final action, had 90 days to file a complaint in federal court. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. Because he did not file such a complaint until over a year later, on February 20, 2008, the complaint was untimely.
The appellant claims that his civil complaint was timely because the ALJ lacked authority to dismiss his administrative complaint with prejudice. The district court’s rationale for rejecting this argument is correct: “Even assuming that the ALJ should not have dismissed Plaintiffs complaint with prejudice, the undisputed fact is that the ALJ did, in fact, dismiss Plaintiffs complaint with prejudice.” Melson v. Salazar, 598 F.Supp.2d 71, 74 (D.D.C.2009). Once that dismissal became the Department’s final action, the regulations “provided Plaintiff with two choices. He could have sought reconsideration of the decision by appealing it to the agency within 30 days, ... [or he] could have also filed a complaint in this Court within 90 days.... Plaintiff did not choose either of these courses of action....” Id. at 74-75.
The appellant’s other contention is that he had only intended to withdraw his EEOC complaint from the ALJ, and that he believed it would then return “ ‘for completion of the administration consideration [i.e., investigation] [by] the agency.’ PL’s Opp’n at 2.” Id. at 75 (alterations in original). As the district court noted, the “problems with this argument are numerous.” Id. The first two problems cited by the court are more than sufficient to dispose of the case:
First, Plaintiff should have been on notice that an investigation of his claims would not continue where the ALJ interpreted his request as “withdraw[ing] his complaint from the administrative EEO process,” and not simply withdrawing his complaint before the ALJ.... 11/29/06 Dismissal Order[ ]. Second, the ALJ’s use of the phrase “dismiss[ed] with prejudice” should have also provided Plaintiff with notice that an investigation into his dismissed claims would not continue. Id.
Id. (first alteration in original).
The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).